UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY RAY HARDAWAY,<br><br>           Plaintiff,<br><br>      v.<br><br>N. OLSEN, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:06-cv-01406-LJO-NEW (DLB) PC<br><br>ORDER DISMISSING COMPLAINT FOR<br>FAILURE TO STATE A CLAIM, WITH<br>LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>(Doc. 1) |

I.      Screening Order

   A.      Screening Requirement

Plaintiff Sonny Ray Hardaway ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 5, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4 plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5 "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6 grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only
7 if it is clear that no relief could be granted under any set of facts that could be proved consistent with
8 the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether
9 the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of
10 the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,
11 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also
12 Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the
13 opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.
14 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."
15 Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights
16 complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l
17 Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d
18 266, 268 (9th Cir. 1982)).

19    B.    Plaintiff's Claims

20    Plaintiff is an inmate currently housed at Kern Valley State Prison ("KVSP") in Delano,
21 California, where the events at issue in this action allegedly occurred. The defendants named in this
22 action are Law Librarian N. Olsen, Correctional Officers G. Chorley, M. Murphy, and D. Silva, and
23 Sergeant D. I . Doria. Plaintiff is seeking money damages.

24    The court has reviewed plaintiff's complaint in its entirety and finds that it does not state any
25 claims upon which relief may be granted under section 1983. It appears that plaintiff may be able
26 to cure the deficiencies in some of his claims and plaintiff will be provided with the opportunity to
27 file an amended complaint. In the subsections that follow, plaintiff is provided with the legal
28 standards applicable to the claims he is attempting to pursue. In amending his claims, plaintiff

should carefully review the standards that apply and amend only those claims that he believes, in good faith, are cognizable under section 1983.

     1.  Denial of Access to the Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id.

Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court. Harbury 536 U.S. at 415, 121 S.Ct. at 2187; Lewis, 518 U.S. at 351, 116 S.Ct. at 2180; Phillips, 477 F.3d at 1076. The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability." Phillips, 477 at 1077. Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. Id. at 1078-79.

3

Although plaintiff alleges that he was without his legal material for approximately one month following his transfer to KVSP, and that defendant Olsen refused to provide him with indigent supplies, plaintiff has not alleged any facts that support a claim he suffered an actual injury with respect to one or more of his court cases and that either defendant Olsen or defendant Chorley was the proximate cause of that injury. Accordingly, plaintiff fails to state a claim under section 1983 for denial of access to the courts.

2. Equal Protection Claim

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Although plaintiff alleges that he is black, alleges that defendant Chorley used racial epithets against him, and alleges that defendant Murphy refused to allow him out for yard while allowing whites and other inmates out for yard, plaintiff's allegations are insufficient to give rise to an equal protection claim. The mere allegation of verbal abuse is insufficient to support a claim that defendant Chorley intentionally discriminated against plaintiff by treating him differently than other similarly situated inmates. With respect to defendant Murphy, plaintiff does not allege any facts that support a claim that defendant intentionally refused to allow him out on the yard because of his race while allowing other similarly situated inmates out on the yard. For these reasons, plaintiff's allegations do not give rise to an equal protection claim.

///

///

### 3. Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff has not alleged any facts that support a claim that any named defendant took adverse action against him because of his exercise of a protected FirstAmendment right. See Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004) (only retaliatory conduct that would objectively deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation) (citations and quotations omitted). Plaintiff therefore fails to state a claim.

### 4. Excessive Force Claim

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort

///

repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Although plaintiff alleges that defendants Olsen and Chorley "attacked" him, plaintiff has not alleged any facts that support a claim that either defendant used physical force against him, excessive or otherwise.

### 5. Denial of Adequate Outdoor Exercise

"'[S]ome form of regular outdoor exercise is extremely important to the psychological and physical well being of the inmates.'" Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995) (quoting Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)). Thus, "[the] deprivation of outdoor exercise [can] constitute cruel and unusual punishment." Allen, 48 F.3d at 1087. However, tthe temporary denial of outdoor exercise with no medical effects is not a substantial deprivation. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). The allegation that plaintiff was denied access to the yard by defendants Murphy and Silva on November 26, 2005, does not support a claim that plaintiff's rights under the Eighth Amendment were violated.

### 6. Claim Based on Inmate Appeals

To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the

inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. Therefore, the allegations that defendants failed to respond to plaintiff's inmate appeals do not give rise to a claim under section 1983.

### 7. Delay in Delivering Mail

Plaintiff alleges that defendant Doria delivered his confidential legal mail from a court thirteen days late. First, mail from the courts is not considered confidential under federal law, because court documents are a matter of public record. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) (citing to Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987)). Second, plaintiff has alleged no injury as a result of the delay. A delay of thirteen in delivering plaintiff's mail, without more, does not impinge upon plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).

### 8. Verbal Harassment Claims

Finally, plaintiff alleges that defendants verbally harassed him. Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

### C. Conclusion

The court finds that plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d

1  227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is
2  involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
3  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.
4  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
5  743 (9th Cir. 1978).

6  Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
7  complete in itself without reference to any prior pleading.  As a general rule, an amended complaint
8  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once
9  plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
10 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
11 of each defendant must be sufficiently alleged.

12 Accordingly, based on the foregoing, it is HEREBY ORDERED that:

13 1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

14 2. The Clerk's Office shall send plaintiff a civil rights complaint form;

15 3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an
16    amended complaint; and

17 4. If plaintiff fails to file an amended complaint in compliance with this order, the court
18    will recommend that this action be dismissed, with prejudice, for failure to obey a
19    court order and failure to state a claim.

21 IT IS SO ORDERED.

22 Dated:   **March 27, 2007**            /s/ **Dennis L. Beck**
   3b142a                                UNITED STATES MAGISTRATE JUDGE