1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT FOR THE

8                          EASTERN DISTRICT OF CALIFORNIA

9

10   SONNY RAY HARDAWAY,            )        1:06-cv-01406-LJO-NEW (DLB) P
                                    )
11            Plaintiff,            )        **FINDINGS AND RECOMMENDATIONS**
                                    )        **RECOMMENDING DISMISSAL OF**
12   vs.                           )        **ACTION FOR FAILURE TO OBEY A**
                                    )        **COURT ORDER AND FAILURE TO**
13   N. OLSEN, et al.,              )        **STATE A CLAIM**
                                    )
14            Defendants.          )        (Doc. 18)
     ─────────────────────────────)

15

16

17        Plaintiff Sonny Ray Hardaway ("plaintiff") is a state prisoner

proceeding pro se and in forma pauperis in a civil rights action
18
pursuant to 42 U.S.C. § 1983.  By order filed March 28, 2007, the
19
court found that plaintiff's complaint failed to state any claims
20
for relief against the named defendants.  The court dismissed
21
plaintiff's complaint and ordered plaintiff to file an amended
22
complaint within thirty days from the date of service of that
23
order.  More than thirty days have passed and plaintiff has not
24
filed an amended complaint or otherwise responded to the court's
25
order.
26
          Local Rule 11-110 provides that "failure of counsel or of a
27
party to comply with these Local Rules or with any order of the
28

                                    1

1  Court may be grounds for the imposition by the Court of any and all

2  sanctions . . . within the inherent power of the Court."  District

3  courts have the inherent power to control their dockets and "in the

4  exercise of that power, they may impose sanctions including, where

5  appropriate . . . dismissal of a case."  Thompson v. Housing Auth.,

6  782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action,

7  with prejudice, based on a party's failure to prosecute an action,

8  failure to obey a court order, or failure to comply with local

9  rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.

10 1995)(dismissal for noncompliance with local rule); Ferdik v.

11 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for

12 failure to comply with an order requiring amendment of complaint);

13 Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for

14 failure to comply with local rule requiring pro se plaintiffs to

15 keep court apprised of address); Malone v. U.S. Postal Service, 833

16 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with

17 court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.

18 1986)(dismissal for failure to lack of prosecution and failure to

19 comply with local rules).

20     In determining whether to dismiss an action for lack of

21 prosecution, failure to obey a court order, or failure to comply

22 with local rules, the court must consider several factors: (1) the

23 public's interest in expeditious resolution of litigation; (2) the

24 court's need to manage its docket; (3) the risk of prejudice to the

25 defendants; (4) the public policy favoring disposition of cases on

26 their merits; and, (5) the availability of less drastic

27 alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

28 ///

2

1 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;

2 Ghazali, 46 F.3d at 53.

3      In the instant case, the court finds that the public's

4 interest in expeditiously resolving this litigation and the court's

5 interest in managing the docket weigh in favor of dismissal.  The

6 third factor, risk of prejudice to defendants, also weighs in favor

7 of dismissal, since a presumption of injury arises from the

8 occurrence of unreasonable delay in prosecuting an action.

9 Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

10 factor -- public policy favoring disposition of cases on their

11 merits -- is greatly outweighed by the factors in favor of

12 dismissal discussed herein.  Finally, a court's warning to a party

13 that his failure to obey the court's order will result in dismissal

14 satisfies the "consideration of alternatives" requirement.  Ferdik

15 v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,

16 779 F.2d at 1424.  The court's order of March 28, 2007, requiring

17 plaintiff to file an amended complaint, expressly stated: "If

18 plaintiff fails to file an amended complaint in compliance with

19 this order, the court will recommend that this action be dismissed,

20 with prejudice, for failure to obey a court order and failure to

21 state a claim."  Thus, plaintiff had adequate warning that

22 dismissal would result from non-compliance with the court's order.

23      Accordingly, it is HEREBY RECOMMENDED that this action be

24 DISMISSED, with prejudice, for plaintiff's failure to obey the

25 court's order of March 28, 2007, and for failure to state a claim.

26      These Findings and Recommendations are submitted to the United

27 States District Judge assigned to the case, pursuant to the

28 provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty (20) days**

1  after being served with these Findings and Recommendations,

2  plaintiff may file written objections with the court.  Such a

3  document should be captioned "Objections to Magistrate Judge's

4  Findings and Recommendations."  Plaintiff is advised that failure

5  to file objections within the specified time may waive the right to

6  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

7  (9th Cir. 1991).

8

9      IT IS SO ORDERED.

10     **Dated:    June 1, 2007**          **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28